WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracey Brown, | No. CV-19-01359-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Collection Bureau of America Limited, | |
| Defendant. | |

On November 19, 2019, the Court granted Plaintiff's counsel's motion to withdraw. (Doc. 30.) The Court's Order required Plaintiff to either retain substitute counsel, or to notify the Court that Plaintiff would proceed *pro se*, by December 2, 2019. (*Id.* at 1.) Plaintiff did not comply with the Order. The Court then issued an Order to Show Cause on December 27, 2019, requiring a response by January 10, 2020. (Doc. 32.) The mail containing the Order was returned as undeliverable (Doc. 33), and Plaintiff did not respond.

Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff is also required to notify the Court of any change to her mailing address. *See Carey v. King*, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail. Carey's suggestion that we impose upon the district court an affirmative obligation to call the jailhouse to inquire into his whereabouts prior to dismissing his lawsuit is unacceptable. A party, not the district court, bears the burden of

keeping the court apprised of any changes in his mailing address.").

Rule 41(b) of the Federal Rules of Civil Procedure states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute. The Court may dismiss for failure to prosecute even without notice or hearing in appropriate circumstances. *See id*. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with two Court orders prevents the case from proceeding for the foreseeable future. The fourth, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court previously ordered Plaintiff to show cause why this matter should not be dismissed (doc. 34), but Plaintiff did not respond. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh in this case. Therefore, the Court will dismiss the case <u>without</u> prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Accordingly,

///

| | |
|---|---|
| 1 | **IT IS ORDERED** that this matter is dismissed <u>without</u> prejudice pursuant to Rule |
| 2 | 41 of the Federal Rules of Civil Procedure. |
| 3 | **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter. |
| 4 | Dated this 12th day of February, 2020. |

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge